UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 13-62-DLB

CANDICE HIGGS                                                  PLAINTIFF

vs.                **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
Acting Commissioner of Social Security              DEFENDANT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Candice Higgs filed her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on October 6, 2009, alleging a disability onset date of November 1, 2008. (Tr. 179-186). Plaintiff's claims were denied initially (Tr. 61, 62) and on reconsideration (Tr. 64, 65). On August 29, 2011, Administrative Law Judge Troy Patterson held a hearing at Plaintiff's request. (Tr. 27-42). On November 1, 2011, the ALJ issued an unfavorable decision denying Plaintiff's claims for benefits. (Tr. 12-21). This decision became the final decision of the Commissioner when the Appeals Council denied review on April 6, 2013. (Tr. 1-3).

1

Plaintiff filed the instant action on May 14, 2013. This action has culminated in cross-motions for summary judgment (Docs. # 10 and 11), which are ripe for review.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 14). At Step 2, the ALJ found Plaintiff's seizure disorder, tenosynovitis, major depression, anxiety, and panic disorders to be severe impairments within the meaning of the regulations. (*Id.*). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-61).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform medium work with the exception that she avoid unprotected heights and dangerous machinery, and with the following limitations:

> She is limited to no production rate pace work. In addition, she can only engage in occasional interpersonal superficial contact with coworkers and the public. Furthermore, she is limited to only occasional routine changes in the work setting. Moreover, she is limited to frequent handling and fingering with her upper extremities.

(Tr. 16). The ALJ also found that Plaintiff has no past relevant work. (Tr. 19).

Accordingly, the ALJ proceeded to the final step of the sequential analysis. At Step 5, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 19-20). The ALJ based this conclusion on testimony from a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that the hypothetical individual would be able to work as laundry worker (5,600 jobs regionally/200,000 jobs nationally), store laborer (4,000 jobs regionally/430,000 jobs nationally), and dishwasher (7,000 jobs regionally/500,000 jobs nationally). (Tr. 20). Based

on the testimony of the VE and Plaintiff's age, education, and RFC, the ALJ found that Plaintiff was not under a "disability," as defined by the Social Security Act. (*Id.*).

**C. Analysis**

Plaintiff advances two arguments on appeal. First, Plaintiff contends that the ALJ committed reversible error by erroneously concluding that she had not performed past relevant work. Second, Plaintiff argues that the Commissioner failed to properly assess her mental impairments. As explained below, neither of these arguments are convincing.

**1. The ALJ did not commit reversible error by erroneously stating that Plaintiff had not performed past relevant work**

At Step 4 of the five-step analysis the ALJ concluded that Plaintiff had no past relevant work. This was certainly an erroneous finding. It was clearly documented that Plaintiff had previously worked as a car washer from 1994 to 2001 and again from 2006 to 2008. She had also worked in a doctor's office from 2000 to 2001, a chiropractor's office in 2005, a shoe store in 2005, and a convenience store in 2005. But the ALJ's finding that Plaintiff had not performed past relevant work did not prejudice her; if anything, Plaintiff *benefitted* from the ALJ's error.

At Step 4, the claimant bears the burden of establishing that she is unable to perform past relevant work. *Jones v. Comm. of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If she fails to meet this burden, the ALJ is required by the regulations to find that the claimant is not under a "disability." However, if the claimant meets her burden, the burden shifts to the Commissioner at step 5 to demonstrate that the claimant is capable of performing a significant number of jobs in the economy.

4

The ALJ's error at Step 4 in this case essentially gave Plaintiff a free pass. By erroneously finding that Plaintiff had not performed past relevant work, the ALJ also did not consider whether Plaintiff was capable of performing that past work. If he had, he might have determined that she was capable of performing past relevant work and, thus, not disabled. But because the ALJ erroneously found that Plaintiff did not have past relevant work, he moved on in the sequential analysis and put the ball in the Commissioner's court, so to speak, to prove that Plaintiff was capable of performing jobs in the national economy. The Court cannot imagine that Plaintiff would want the ALJ's decision to be remanded for reconsideration at Step 4 if the ALJ has already concluded that Plaintiff met her burden at Step 4.

Furthermore, the ALJ's error did not prejudice Plaintiff at Step 5. Plaintiff argues that the ALJ failed to inform the VE of her past relevant work in posing the hypotheticals, which makes the VE's responses to the hypotheticals unreliable. Again, any error here was to Plaintiff's benefit. If the ALJ would have properly informed the VE of Plaintiff's past relevant work, the VE would have been aware that Plaintiff had additional job-related skills. This could have only caused the VE to find that Plaintiff was capable of performing *more* jobs in the national economy. Without knowing that Plaintiff had performed past relevant work, the VE was not able to consider whether she had skills that could transfer to other gainful employment. This was to Plaintiff's benefit. Ultimately, because Plaintiff was not prejudiced by the ALJ's error, the decision need not be remanded for further consideration. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) ("[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations *and where that error prejudices a claimant* or deprives the claimant of a substantial right.").

## 2. Substantial evidence supports the ALJ's mental Residual Functional Capacity assessment

Plaintiff also argues that the ALJ erred by failing to consider all of her mental impairments. Specifically, Plaintiff contends that the ALJ failed to give proper consideration to her GAF score of 50, which was assessed by three physicians. Additionally, Plaintiff faults the ALJ for failing to discuss the RFC assessments of Dr. Jane Yates and Dr. Jay Athy. Neither of these arguments warrant remand.

The ALJ found that Plaintiff was capable of performing "medium work" as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with certain additional limitations to account for Plaintiff's mental impairments. Specifically, the ALJ found that Plaintiff was limited to no production rate pace work, occasional interpersonal superficial contact with coworkers and the public, and occasional routine changes in work setting. This RFC assessment is supported by substantial evidence.

In reaching his RFC determination, the ALJ relied on the report of consultative examiner Dr. Teri Caudill. Dr. Caudill's report is fully consistent with the RFC assessment. She found that Plaintiff's ability to make judgments was mildly impaired, her ability to interact effectively with others was mildly impaired, and her ability to respond to day-to-day work pressures was mildly to moderately impaired. The ALJ accounted for each of these limitations by placing limitations on her ability to do production rate pace work, interact with coworkers, and change her routine. As such, the ALJ's decision was supported by substantial evidence.

While the ALJ's decision is supported by substantial evidence, Plaintiff is also correct that the ALJ should have considered and assigned weight to the RFC assessments of Drs.

6

Yates and Athy. Both doctors acted as consultative examiners who assessed Plaintiff's mental condition after considering all evidence available to them. Pursuant to federal regulations, the ALJ was required to consider each of their assessments and explain the weight given to their opinions. 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii). The ALJ's decision does not mention either doctor's assessment, much less explain what weight either assessment was given. However, this shortcoming does not warrant remand.

When the ALJ fails to follow the regulations, as he did here, the decision must be remanded only if the ALJ's failure prejudiced the Plaintiff or deprived her of a substantial right. *See Bowen*, 478 F.3d at 746. More specifically, if the ALJ fails to assign weight to a state agency consultant's opinion, the decision must be remanded unless it is consistent with the ALJ's findings. *See Salyer v. Comm'r of Soc. Sec.*, No. 3:11-cv-265, 2012 WL 3156986, at *7 (S.D. Ohio Aug. 3, 2012). Here, the ALJ's findings are fully consistent with the assessments of Drs. Yates and Athy.

Dr. Yates concluded that Plaintiff is capable of simple and multi-step tasks at an acceptable pace. (Tr. 403). However, according to Dr. Yates, she is "NOT able to interact effectively with the general public or large crowds." (*Id.*). But she can interact appropriately with coworkers and supervisors, and she does have the ability to accept instructions and respond appropriately to constructive criticism from supervisors. (*Id.*). Furthermore, Dr. Yates found that Plaintiff can adapt to ordinary, routine work setting, and adapt to routine changes. (*Id.*). The ALJ's RFC assessment properly accounts for each of these abilities and limitations.

Dr. Athy's findings were nearly identical to Dr. Yates' findings. Dr. Athy concluded that Plaintiff was markedly limited in her ability to interact with the general public, and

7

moderately limited in her ability to respond appropriately to changes in work setting and travel to unfamiliar places. (Tr. 434). Dr. Athy also found that Plaintiff was moderately limited in her ability to carry out detailed instructions and maintain attention and concentration for extended periods. (Tr. 433). The ALJ's RFC assessment properly accounts for each of these limitations.

Finally, the ALJ did not err in failing to consider Plaintiff's GAF score of 50. Plaintiff's GAF score indicates that she suffers from serious impairment of social or occupational functioning. However, there is no statutory, regulatory, or other authority that requires "the ALJ to put stock in a GAF score in the first instance." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006). In fact, "the Commissioner has declined to endorse the GAF score for use in the Social Security and SSI disability programs, and has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings." *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007) (internal citations and quotation marks omitted). As a result, the Sixth Circuit has held that an ALJ's failure to refer to a GAF score does not make his RFC assessment unreliable. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). Based on this precedent, the ALJ did not err in this case by failing to give consideration to Plaintiff's GAF score.

### III. CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 23rd day of April, 2014.



Signed By:
<u>David L. Bunning</u>
United States District Judge

G:\DATA\SocialSecurity\MOOs\Ashland\13-62 Higgs MOO.wpd